# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 2, 2016 Session

## BRANDON BARNES v. U.S. BANK NATIONAL ASSOCIATION

**Appeal from the Circuit Court for Davidson County**
**No. 15C2873   Thomas W. Brothers, Judge**

_____

**No. M2016-00980-COA-R3-CV – Filed January 18, 2017**

_____

A musician/composer borrowed money from a bank and assigned performance royalties as collateral.  He later filed for bankruptcy, and his debt to the bank was discharged.  The bank, however, continued to collect royalties during the pendency of the bankruptcy case.  The musician/composer filed suit against the bank seeking recovery of the royalties collected by the bank after the filing of the bankruptcy petition based on theories of unjust enrichment and conversion.  The musician/composer also sought damages from the bank for violation of the automatic stay of 11 U.S.C. § 362.  The bank moved to dismiss the case for failure to state a claim upon which relief can be granted.  The trial court granted the motion.  Because it lacked subject matter jurisdiction over the claims, we vacate the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Price Hugh Carroll (Argued), Carrollton, Georgia, and Robert P. Noell, Knoxville, Tennessee, for the appellant, Brandon Barnes.

Janet Strevel Hayes (Argued), Knoxville, Tennessee, and Mary Beth Haltom White, Nashville, Tennessee, for the appellee, U.S. Bank National Association.

**OPINION**

**I.**

Because this case was decided on a motion to dismiss for failure to state a claim upon which relief can be granted, we accept the following allegations pertinent to this appeal as true. *See, e.g.*, *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Plaintiff Brandon Barnes is a musician and composer. Prior to July 21, 2006, Mr. Barnes regularly received royalties through the American Society of Composers, Authors and Publishers, which is commonly known by the acronym "ASCAP."[1]

On July 21, 2006, Mr. Barnes borrowed $106,969 from U.S. Bank National Association. As part of his loan, Mr. Barnes granted a security interest in all of his

> rights to payment from ASCAP (or any successor thereto or assign thereof) arising under or related in any and all of [Mr. Barnes'] affiliation agreements or other contracts with ASCAP . . . referenced by such entity as under, or included as part of, account no. 2153 and any and all replacements or substitutions of and for such contracts and any and all replacements, substitutions and renumberings of such account, and all proceeds of the foregoing.

U.S. Bank filed a financing statement in Alabama on February 2, 2007.

Mr. Barnes filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), on May 22, 2009, in the Northern District of Alabama. Mr. Barnes included his debt to U.S. Bank on his bankruptcy schedules, and U.S. Bank received notice of the bankruptcy filing. The United States Bankruptcy Court for the Northern District of Alabama granted Mr. Barnes a bankruptcy discharge on August 19, 2009. *See* 11 U.S.C.A. § 727 (2016).

---

[1] ASCAP is one of three performing rights organizations in the United States. *Meredith Corp. v. SESAC LLC*, 1 F. Supp. 3d 180, 185 (S.D.N.Y. 2014).

> Its function is to coordinate the licensing of copyrighted musical works, and the distribution of royalties . . . . ASCAP members grant ASCAP the non-exclusive right to license non-dramatic public performances of their music. ASCAP licenses these works on behalf of the copyright holders to a broad array of music users, including television networks, radio stations, digital music services, colleges, restaurants, and many other venues in which music is performed.

*In re Pandora Media, Inc.*, 6 F. Supp. 3d 317, 322 (S.D.N.Y. 2014), *aff'd sub nom. Pandora Media, Inc. v. Am. Soc. of Composers, Authors & Publishers*, 785 F.3d 73 (2d Cir. 2015) (footnote omitted).

U.S. Bank continued to collect royalties from ASCAP during the pendency of Mr. Barnes's bankruptcy case and after he received his discharge. The royalties relate to works created pre-petition. Mr. Barnes demanded that U.S. Bank return to him all royalties earned after the bankruptcy petition date plus interest, but U.S. Bank refused.

On July 30, 2015, Mr. Barnes filed suit against U.S. Bank in the Circuit Court of Davidson County, Tennessee, seeking recovery of the royalties. U.S. Bank met the complaint with a motion to dismiss for failure to state a claim upon which relief can be granted. Mr. Barnes filed a response to the motion to dismiss and an amended complaint. U.S. Bank asserted that Mr. Barnes's amended complaint also failed to state a claim.

Following a hearing on U.S. Bank's motion to dismiss, the trial court ordered Mr. Barnes to file a more definite statement of his claims. The result of the court's order was Mr. Barnes's second amended complaint. The second amended complaint contained four counts. First, Mr. Barnes asserted that it was inequitable for U.S. Bank to retain royalties paid after the filing of his bankruptcy petition and, as a result, U.S. Bank was unjustly enriched in the amount of the royalty payments. Second, Mr. Barnes asserted that, by receiving and retaining royalties during the pendency of his bankruptcy case, U.S. Bank violated the automatic stay of 11 U.S.C. § 362. Third, Mr. Barnes asserted that, by retaining royalties, U.S. Bank had converted property owned by Mr. Barnes. Finally, Mr. Barnes asserted that U.S. Bank's actions were malicious, intentional, fraudulent, or reckless, entitling him to punitive damages.

U.S. Bank argued that the second amended complaint also failed to state a claim. In addition, U.S. Bank argued that Mr. Barnes had not complied with the court's request for a more definite statement. According to the bank, the second amended complaint did not specifically allege whether any of the royalties were earned on works created post-petition. U.S. Bank also faulted the complaint for not identifying the amount of royalty payments arising from post-petition works that Mr. Barnes sought to recover.

The trial court granted U.S. Bank's motion and dismissed the case with prejudice. The court first concluded that royalties earned on songs written prior to the petition date were subject to the security interest of U.S. Bank, irrespective of whether the royalty payments were made post-petition. The court then concluded that Mr. Barnes failed to state a claim upon which relief could be granted because he did not allege any of the royalties he sought to recover derived from works created after the filing of his bankruptcy petition. Because the dismissal was based on failure to state a claim, the court determined that U.S. Bank was entitled to an award of "all reasonable and necessary litigation costs." *See* Tenn. Code Ann. § 20-12-119(c) (Supp. 2016).

## II.

Before reaching the issue of whether the trial properly dismissed Mr. Barnes's complaint for failure to state a claim upon which relief can be granted, we consider the court's subject matter jurisdiction.[2] All of Mr. Barnes's claims revolve around royalties for performances of his musical compositions created prior to the filing of his bankruptcy petition.[3] Mr. Barnes asserts that U.S. Bank's security interest did not attach to royalties arising from performances after the filing of his bankruptcy petition. This is so, according to Mr. Barnes, due to the application of section 552 of the Bankruptcy Code.

Under section 552 of the Bankruptcy Code, with certain exceptions, "property acquired by the estate or by the debtor after the commencement of the [bankruptcy] case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C.A. § 552(a) (2016). One exception is for proceeds, products, offspring, or profits of collateral. *Id.* § 552(b). Specifically,

> if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law . . . .

*Id.* According to Mr. Barnes, the exception does not apply here because the royalties received after his bankruptcy filing are not proceeds, products, offspring, or profits. As Mr. Barnes emphasizes, U.S. Bank's collateral is a stream of royalty payments, not the

---

[2] Generally, appellate courts address only the issues raised by the parties. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); Tenn. R. App. P. 13(b). But we are required to consider whether the trial court and we have "jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). Whether a court possesses subject matter jurisdiction, like a motion to dismiss for failure to state a claim upon which relief can be granted, "may rest on the contents of the complaint alone." *See Midwestern Gas Transmission Co. v. Baker*, No. M2005-00802-COA-R3-CV, 2006 WL 461042, at *12 (Tenn. Ct. App. Feb. 24, 2006).

[3] On appeal, Mr. Barnes asserts that he sufficiently alleged that U.S. Bank also retained royalties from compositions created after the filing of his bankruptcy petition. As did the court below, we disagree. Mr. Barnes did allege that "[t]he royalties are based on songs written, copyrighted, and/or registered with ASCAP prior to and after the [Bankruptcy] Filing Date." However, read in context with other allegations of his complaint, Mr. Barnes's claims relate to compositions created prior to his bankruptcy filing. We also note that Mr. Barnes declined or ignored the trial court's invitation

> to provide a more definite statement as to whether, and to what extent, the royalties which are the subject of this case are based on songs or lyrics of Plaintiff written prior to his filing of Chapter 7 bankruptcy on May 22, 2009, and/or based on songs or lyrics, if any, written after May 22, 2009.

underlying copyrights.

*Bankruptcy Jurisdiction*

The federal district courts have "original and exclusive jurisdiction of all cases under [the Bankruptcy Code]." 28 U.S.C.A. § 1334(a) (2006). This is generally understood to grant federal district courts jurisdiction over the filing for bankruptcy relief. *See, e.g.*, *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 250 (3d Cir. 2007) ("'cases under Title 11' as used in section 1334(a) refers 'merely to the bankruptcy petition itself' . . . ."). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C.A. § 157(a) (2006).

The federal district courts and, by referral, bankruptcy courts have "original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." *Id.* § 1334(b) (2006). A civil proceeding arises under the Bankruptcy Code if it "involve[s] a cause of action created or determined by a statutory provision of [the Bankruptcy Code]." *Matter of Wood*, 825 F.2d 90, 96 (5th Cir. 1987). A civil proceeding arises in the Bankruptcy Code if the cause of action involved is "not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. The federal circuits are split over the meaning of the phrase "related to cases under [the Bankruptcy Code]," with the "dominate standard" being the *Pacor* test. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 317-18 (S.D.N.Y. 2003). Under the *Pacor* test, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

In examining the causes of action asserted by Mr. Barnes, it would appear that state courts would have concurrent jurisdiction with the federal court over his claims. His claim for damages allegedly resulting from U.S. Bank's violation of the automatic stay arises only under the Bankruptcy Code. *See* 11 U.S.C.A. § 362(k)(1) (2015) ("[A]n individual injured by any willful violation of a stay provided by [section 362 of the Bankruptcy Code] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."). His unjust enrichment and conversion claims premised upon the application of section 552 of the Bankruptcy Code arise in the Bankruptcy Code. As stated above, federal courts have original, but not exclusive, jurisdiction over civil proceedings arising under or arising in the Bankruptcy Code. 28 U.S.C.A. § 1334(b).

Despite this, we conclude that the United States District Court for the Northern District of Alabama or, by referral, the United States Bankruptcy Court for the Northern District of Alabama has exclusive jurisdiction over Mr. Barnes's claims. This conclusion is required by 28 U.S.C. §1334(e), which grants exclusive jurisdiction to "[t]he district

5

court in which a case under [the Bankruptcy Code] is commenced . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C.A. §1334(e)(1) (2006).

Mr. Barnes seeks recovery of royalties for pre-bankruptcy compositions arising from performances after the filing of his bankruptcy petition. Royalties from pre-bankruptcy petition compositions are property of the bankruptcy estate. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Dillon*, 219 B.R. 781, 784-85 (Bankr. M.D. Tenn. 1998). Besides seeking recovery of royalties from compositions created prior to his bankruptcy filing, Mr. Barnes also seeks damages for alleged violations of the automatic stay related to these same royalties. Actions to enforce the automatic stay in order to protect property of the bankruptcy estate also implicate 28 U.S.C. §1334(e) and the exclusive jurisdiction of the federal courts. *See In re Ames Dep't Stores, Inc.*, 542 B.R. 121, 142 (Bankr. S.D.N.Y. 2015).

We recognize that Mr. Barnes's bankruptcy was filed some time ago, and the bankruptcy case may be closed, which might indicate that the royalty payments had been abandoned. *See* 11 U.S.C.A. § 554(c) (2016) ("Unless the court orders otherwise, any property scheduled . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). However, at oral argument, Mr. Barnes conceded that the royalties were property of his bankruptcy estate and that they could be used to pay his creditors. We take from this concession that the royalties were not abandoned by his bankruptcy trustee and were not administered in his bankruptcy case. *See id.* § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate.").[4]

## III.

When a trial court lacks subject matter jurisdiction, the case must be dismissed without reaching the merits of the complaint. Such a disposition is required because "[j]udgments or orders entered by courts without subject matter jurisdiction are void." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). "[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *Id.*

Therefore, we vacate the trial court's judgment and remand the case with directions to enter an order dismissing Mr. Barnes's complaint for lack of subject jurisdiction.

---

[4] If the bankruptcy case is closed, Mr. Barnes can seek to reopen his bankruptcy case so that the alleged property of the estate can be administered. 11 U.S.C.A. § 350(b) (2015).

_____
W. NEAL MCBRAYER, JUDGE